**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| BUR-TEX HOSIERY, INC., et al., | : | CASE NO. 2:25-CV-60 |
| Plaintiffs, | : | |
| v. | : | Judge Algernon L. Marbley |
| BRAD GOODEN, | : | Magistrate Judge Elizabeth Preston Deavers |
| Defendant. | : | |

**MOTION OF DEFENDANT BRAD GOODEN
TO DISMISS BUR-TEX HOSIERY, INC.'S AMENDED COMPLAINT**

Now comes Defendant Brad Gooden, by and through counsel, and hereby moves to dismiss the Amended Complaint [Doc. 9] of Plaintiffs Bur-Tex Hosiery, Inc. ("Bur-Tex") and INOV8 Marketing LLC ("INOV8") pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. The reasons for this Motion are more fully set forth in the attached Memorandum in Support.

Respectfully submitted,

/s/ Maria Mariano Guthrie
Maria Mariano Guthrie (0068049)
*Trial Attorney for Defendant*
Matthew M. Zofchak (0096279)
KEGLER BROWN HILL + RITTER
65 East State Street, Suite 1800
Columbus, Ohio 43215
Tel: (614) 462-5437
Fax: (614) 852-4800
mguthrie@keglerbrown.com
mzofchak@keglerbrown.com
*Attorneys for Defendant
Brad Gooden*

**MEMORANDUM IN SUPPORT**

I. **PROCEDURAL BACKGROUND**

Bur-Tex filed its Complaint on January 22, 2025, against Defendant Brad Gooden ("Gooden") asserting claims for fraudulent misrepresentation and fraudulent concealment. [Doc. 1].

On April 22, 2025, Gooden filed his Motion to Dismiss Bur-Tex's Complaint. [Doc. 7]. Gooden asserted in his Motion that Bur-Tex lacked standing to bring its claims since it is not licensed to do business in Ohio. Additionally, Gooden argued that Bur-Tex cannot maintain claims under Ohio law for third party fraudulent misrepresentation and fraudulent concealment.

After receiving Gooden's Motion to Dismiss, on May 12, 2025, Bur-Tex filed its Amended Complaint adding INOV8 as a plaintiff and asserting that, as of February 3, 2025, "Bur-Tex acquired all rights, title, assets, and interest in INOV8, including the right to sue for past injury." Amended Complaint ¶2 [Doc. 9]. Bur-Tex and INOV8 (sometimes jointly referred to as "Plaintiffs") assert claims for fraudulent misrepresentation and fraudulent concealment against Gooden.

II. **FACTUAL BACKGROUND**

Bur-Tex is a family-owned company with its principal place of business in Fyffe, Alabama. Amended Complaint ¶1. Its primary business is the manufacture and sale of socks. Id. However, during the COVID-19 pandemic, Bur-Tex decided to procure and sell personal protective equipment ("PPE").

INOV8 is a company formed under New York law, but it is alleged to be controlled by Bur-Tex in Alabama. Amended Complaint ¶2. Bur-Tex acquired INOV8 on February 3, 2025, becoming its sole member. Amended Complaint ¶18.

Neither Bur-Tex nor INOV8 are currently licensed to do business in Ohio. Amended Complaint ¶3.

In November 2020, Bur-Tex contracted with INOV8 to purchase medical gloves on behalf of Bur-Tex's customer, Cintas. Amended Complaint ¶11. When Bur-Tex contracted with INOV8, it was operated by one person named Jack Safdeye ("Safdeye"). Amended Complaint ¶11.

In January 2021, Safdeye allegedly contacted Frontline, who Plaintiffs allege had a sole manager, Gooden. Amended Complaint ¶8, ¶12. Plaintiffs claim that Gooden told Safdeye that "Dongtai" brand medical gloves came in 100 count boxes. Amended Complaint ¶12. There is no claim that Gooden and/or Frontline were the manufacturer of the "Dongtai" gloves or that they boxed the gloves.

Plaintiffs claim that Gooden falsely advertised that the "Dontgtai" gloves came in 100-count boxes and "concealed" that information. Amended Complaint ¶¶9-10. Plaintiffs state that this "false advertisement" was confirmed by the photo of a box and a packing slip dated January 8, 2021. Amended Complaint ¶¶ 9, 12. However, nothing in the photos shows that these were "Dongtai" gloves or that they were manufactured or packaged by Gooden and/or Frontline. Nothing is presented to show that this was an "advertisement" of any kind. Further, the packing slip contains the name Frontline Group LLC, and Gooden's name is not on the packing slip. The packing slip is addressed to INOV8. Id. at ¶12. Only a select portion of an edited packing slip is pasted into the text of the Amended Complaint, and Plaintiffs deliberately omit any shipping details, terms and conditions, and/or payment. No packing slip is attached to the Amended Complaint. Nor are there claims that Bur-Tex saw any such "advertisement."

Plaintiffs state that Gooden knew that the information provided to INOV8 on the glove count would be passed on to INOV8's customers, i.e. Bur-Tex. Amended Complaint ¶14. But,

3

they do not provide any basis for such knowledge or any actual statements or representations by Gooden to that effect other than that bare allegation. Further, there is no allegation that Gooden or Frontline even knew that INOV8 was purchasing gloves to sell to others.

After supposed conversations between Safdeye and Gooden and contrary to the January 8, 2021 packing slip, Plaintiffs allege that on or about January 13, 2021, the gloves shipped. Amended Complaint ¶16.  However, there is no shipping evidence to substantiate this claim.

Then, Plaintiffs jump to Cintas receiving the gloves in mid-to-late February 2021. Amended Complaint ¶16. They skip any details about how or when INVO8 received the goods from Frontline and who accepted and shipped the gloves from INOV8 to Cintas.

Notably, in October 2022, Bur-Tex sued INOV8.  Amended Complaint ¶18.  See *Bur-Tex Hosiery Inc. v. World Tech Toys Inc., et al.,* United States District Court, Central District of California, Case No. 2:22-cv-07547 (October 17, 2022) ("INOV8 Lawsuit").  Bur-Tex admits that that it first gained information about Gooden and Frontline in the INOV8 lawsuit.  Amended Complaint ¶18.

On March 14, 2024, Frontline, which was an Ohio limited liability company, filed a Certificate of Dissolution with the Ohio Secretary of State Amended Complaint ¶19.  Because Frontline no longer exists, Plaintiffs bring their claims against Gooden, claiming that Gooden personally engaged in fraudulent actions and omissions.  Amended Complaint ¶19.  Plaintiffs speculate that if Frontline still existed, it would have sought to pierce the corporate veil.  Amended Complaint ¶20.

Specifically, Plaintiffs claim that Gooden made fraudulent misrepresentations to INOV8 about the quantity and quality of goods that would be then passed on to INOV8's customers. Amended Complaint ¶24.  They claim that Gooden knew that the boxes were falsely labeled and

4

advertised. Id. However, there is no claim that Gooden manufactured and/or boxed the goods. Instead, Plaintiffs speculate that Gooden *could have* looked at the boxes or "would have" received complaints about the gloves not being 100-count boxes. Amended Complaint ¶10.

In addition to these claims of fraudulent misrepresentation, Plaintiffs allege that Gooden fraudulently concealed the quantity of the gloves when it sold the gloves to INOV8, who passed the gloves on to Bur-Tex. Amended Complaint ¶30.

Notably, Bur-Tex does not claim that Gooden made any misrepresentations directly to Bur-Tex or attempted to conceal information directly from Bur-Tex. Rather, Bur-Tex contends that it relied upon allegedly false statements made to INOV8 or conduct Gooden concealed from INOV8 that was supposedly passed on to Bur-Tex by INOV8.

As discussed herein, Gooden moves to dismiss the Complaint on the grounds that (1) Plaintiffs lacks the capacity to sue since they are not licensed to do business in Ohio; (2) INOV8's claims are beyond the statute of limitations; (3) Plaintiffs cannot maintain a third-party claim for fraudulent misrepresentation and/or fraudulent concealment; and (4) Plaintiffs have failed to plead fraud with particularity.

## II. APPLICABLE LEGAL STANDARD

The United States Supreme Court decisions in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 566 U.S. 662 (2009), define pleading standards and the analysis required in connection with a motion to dismiss. In *Ashcroft*, the Court explained that under the pleading standards relevant to a motion to dismiss, plausibility and factual sufficiency are required. Conclusory allegations -- even legal conclusions couched as factual conclusions -- are insufficient.

As this Court has recognized, "to survive a motion to dismiss, the factual allegations of a complaint must 'state a claim for relief that is plausible on its face.'" *Bell v. Fairbanks Capital*

*Corp.*, 2008 U.S. Dist. LEXIS 90828 (S.D. Ohio, E.D.) (Watson, J.), citing *Bishop v. Lucent Tecs., Inc.*, 520 F.3d 516, 519 (6th Cir. 2008) (in turn quoting *Twombly*, 127 S.Ct. 1965, 1974).  While the Court must view the complaint in the light most favorable to the plaintiff, it is not "required to accept as true legal conclusions or unwarranted factual inferences." *Bell*, 2008 U.S. Dist. LEXIS 90828 at *3.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Gleich v. St. Andrew Sch.*, Case No. 2:10-cv-894, 2011 US Dist. Lexis 113176, 2011 WL 4573367, *2 (S.D. Ohio Sept. 30, 2011) (Watson, J.), citing *Iqbal*, 129 S. Ct. at 1949.  "A complaint's factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true. *Id.,* citing *Twombly*, 550 U.S. at 546.

To rise above this speculative level, the plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Gleich* at *3, citing *Twombly*, 550 U.S. at 555; *Iqbal*, 129 S. Ct. at 1949 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").  A "naked assertion . . . gets the complaint close to stating a claim, but without some further factual enhancement it stops short of the line between possibility and plausibility . . . ." *Shugart v. Ocwen Loan Servicing, LLC*, 747 F.Supp.2d 938 (S.D. Ohio 2010) (Watson, J.), quoting *Twombly*, 550 U.S. at 557.  Thus, "something beyond a mere possibility of [relief] must be alleged, lest a plaintiff with a largely groundless claim be allowed to take up the time of a number of other people, with the right to do so representing an *in terrorem* increment of the settlement value." *Id.*

"Despite the instruction to construe the complaint liberally in plaintiff's favor, a complaint must contain 'either direct or inferential allegations respecting all the material elements' and those allegations must amount to more than 'bare assertions of legal conclusions.'" *Walker v. Jackson*

6

*Public Schools*, 42 Fed. Appx. 735, **6 (6th Cir., Aug. 5, 2002) (quoting *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (in turn quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)).

In federal courts, "a motion under Rule 12(b)(6) for failure to state a claim upon which relief can be granted may properly be utilized to assert a defense of a lack of capacity to sue." *Capital City Energy Group, Inc. v. Kelley Drye & Warren LLP*, Case No. 2:11-cv-00207, 2011 U.S. Dist. LEXIS 125784, *4 (S.D. Ohio, E.D.) (Marbley, A), citing *Weinder v. Winters,* 50 F.R.D. 306, 307-308 (S.D.N.Y. 1970) (citing 2A Moore's Federal Practice ¶12.07, note 13 at 2263 (2d ed. 1968).

### III. ARGUMENT

#### A. Bur-Tex and INOV8 lack the capacity to sue.

Pursuant to Ohio Rev. Code § 1703.29(A), both Bur-Tex and INOV8 lack the capacity to sue because they are foreign corporations that did not register their businesses with the Ohio Secretary of State before they filed the instant lawsuit. Plaintiffs contend that they are currently registering for business licensures, but they have provided no evidence thereof.

Ohio Rev. Code § 1703.29(A) provides as follows: "[N]o foreign corporation that should have obtained such license shall maintain any action in any court until it has obtained such license." The Ohio Revised Code further requires that foreign corporations that "transact business" in Ohio to register their business with the Ohio Secretary of State. Ohio Rev. Code § 1703.03. While Rule 17(b) of the Federal Rules of Civil Procedure provides that "[t]he capacity of a corporation to sue or be sued shall be determined by the law under which it was organized," it does not govern a corporation's capacity to sue in diversity cases. *Capital City,* 2011 U.S. Dist. LEXIS at fn. *2, citing Angel v. Bullington*, 330 U.S. 183 (1947). Rather, in diversity cases, such as this one, the

7

federal courts must apply state law "in accordance with the then controlling decision of the highest state court." *Ziegler v. IBP Hog Market, Inc.*, 249 F.3d 509, 517 (6th Cir. 2001) (internal quotation marks omitted) (*quoting United States v. Anderson Cty., Tenn.*, 761 F.2d 1169, 1173 (6th Cir. 1985)).

Since the filing of the Complaint on January 22, 2025, Bur-Tex has not maintained any license to transact business in the State of Ohio, nor have they cured that defect. Moreover, as of the filing of the Amended Complaint on May 12, 2025, neither Plaintiff is registered to do business in Ohio. As a result, the Amended Complaint cannot be maintained and should be dismissed.

**B.    INOV8's claims are barred by the statute of limitations.**

INOV8's claims are barred by the four-year statute of limitations. Because these are state law claims, the statute of limitations in Ohio will apply. Under Ohio law, the statute of limitations for fraudulent misrepresentation and fraudulent concealment is four years. *Brown v. Fukuvi USA, Inc.*, 2022-Ohio-1608 ¶101 (fraudulent misrepresentation), *citing Fordyce v. Hattan,* 2019-Ohio3199 (2d), citing R.C. 2305.09(C) and (D); *Danziger & DeLlano, LLP v. Morgan Verkamp, LLC*, 2023-Ohio-1728, ¶65 (1st Dist.) (fraudulent concealment is subject to four-year statute of limitation under R.C. 2305.09).

Contrary to the packing slip dated January 9, 2021, Plaintiffs claim that the gloves were shipped out on January 13, 2021. Amended Complaint ¶16. Plaintiffs then assert that Cintas, who had no communication with Gooden nor any agreement with him, received the gloves in mid-February 2021. Noticeably absent from the Amended Complaint is any claim that Frontline and/or Gooden shipped goods to either Bur-Tex or its customer, Cintas. Indeed, any "agreement" described in the Amended Complaint is that Frontline agreed to sell gloves to INOV8. There is no agreement to sell gloves to Bur-Tex. Further, conspicuously absent in the pleadings is any

8

discussion of when *INOV8* received the gloves from Frontline. Like Plaintiffs accuse Gooden, INOV8, upon receipt of the gloves, certainly could have inspected the boxes prior to shipping them to Bur-Tex. Unsurprisingly, Plaintiffs carefully omit the details of when INOV8 received the gloves. These omissions are designed to avoid the statute of limitations questions altogether.

Significantly, INOV8 was added as a party to this action by Amended Complaint filed on May 12, 2025, more than four years after many critical dates: January 8, 2021 (date of packing slip), January 13, 2021 (date allegedly shipped), and mid-February 2021 (date when Cintas received the goods). Even if Bur-Tex claims that it obtained rights to sue on behalf of INOV8 on February 8, 2025, this again is too late. INOV8 became a party plaintiff only on May 15, 2025, well after the 4-year statute of limitations.

While Bur-Tex filed the original complaint on January 22, 2018, INOV8 does not have the benefit of the "relation-back" doctrine. Indeed, when an amended complaint adds parties who were not previously part of the lawsuit, the lawsuit "commences" for those claims and parties **when they are added**. Fed. R. Civ. P. 3; *Kellom v. Quinn*, 68 F. 4th 288, 295 (6th Cir. 2023). Further, the relation back doctrine does not apply when the amended complaint adds a new plaintiff. *Id.*, citing Fed. R. Civ. P. 15(c)(1)(C) and *Asher v. Unarco Material Handling, Inc.,* 596 F.3d 313, 318-19 (6th Cir. 2010). *See also, Riveredge Dentistry P'ship v. City of Cleveland*, 2024 U.S. Dist. LEXIS 26292, February 15, 2024, *54 (N.D. Ohio) (following *Kellom*).

While Plaintiffs may claim that there is somehow a "unity of interest" between INOV8 and Bur-Tex because Bur-Tex acquired INOV8, such acquisition occurred on February 3, 2025, well after the filing of the Complaint on January 22, 2025. And, prior to this date, Bur-Tex was suing INOV8 and Safdeye for fraudulent inducement. Amended Complaint ¶18; See *Bur-Tex Hosiery Inc. v. World Tech Toys Inc., et al.,* United States District Court, Central District of California,

9

Case No. 2:22-cv-07547 (October 17, 2022) ("INOV8 Lawsuit").  Their claims were not and cannot be united.

Because INOV8 failed to bring any claims within the four-year statute of limitations, INOV8's claims are time-barred. For these reasons, INOV8's claims must be dismissed with prejudice.

### C. Bur-Tex cannot maintain claims of fraudulent misrepresentation or fraudulent concealment.

This case is one of diversity jurisdiction applying state law claims.  The elements for fraudulent misrepresentation and fraudulent concealment in Ohio are the same.  The elements of these claims are:

> (a) a representation or, where there is a duty to disclose, concealment of a fact, (b) which is material to the transaction at hand, (c) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, (d) with the intent of misleading another into relying upon it, (e) justifiable reliance upon the representation or concealment, and (f) a resulting injury proximately caused by the reliance.

*Groob v. KeyBank*, 108 Ohio St.3d 348, 2006-Ohio-1189, ¶47, *quoting Gaines v. Preterm-Cleveland, Inc.,* 33 Ohio St.3d 54, 55 (1987).  All of these elements must be present, and the absence of any one of these elements will preclude recovery.  *Minaya v. NVR*, Inc., 2017-Ohio-9019, ¶12 (8th Dist.).

Significantly, Ohio law is clear that a "plaintiff cannot support a fraud claim with a statement made by a defendant to a third party, and relied on by the third party, to the plaintiff's detriment." *Schmidt v. Overland Xpress, LLC*, S.D. Ohio Case No. 1:12-cv-397, 2021 U.S. Dist. LEXIS 101015, *25 (May 28, 2021).  Indeed, this theory has over a hundred years of precedence from the Ohio Supreme Court.  *See, Edwards v.* Owen, 15 Ohio 500, 506 (1846) (finding that false representations made to a neighbor does not sustain a claim for false representation when none

were made to the plaintiff). *See, e.g., Lucarell v. Nationwide Mut'l Ins. Co.,* 152 Ohio St. 3d 453, 2018- Ohio 15, 97 N.E.3d 458, 473 (2018) (upholding a directed verdict against the plaintiff on a fraud claim based on a representation to a third party); *Lower v. Lower,* 2024-Ohio-113, ¶14 (5th Dist.) ("It is well established law in Ohio that a fraud claim may not be based on a misrepresentation made to a third party.") (citations omitted); *Minaya v. NVR, Inc.*, 2017-Ohio-9019, ¶ 18, 103 N.E.3d 160, 166 (8th Dist.) (dismissing fraudulent concealment claims where the defendant did not make statements to the plaintiffs); *Baddour v. Fox*, 2004-Ohio-3059, ¶41 (5th Dist.) ("A party is unable to maintain an action for fraud where the fraudulent representations were not made directly to him to induce him to act on them in matters affecting his own interests.").

Bur-Tex's claims hinge upon fraudulent misrepresentations and concealment to someone other than themselves. It begs the question as to how Bur-Tex can even sue Gooden directly when it had no dealings with either Frontline or Gooden, nor made any allegation as to how Gooden would be personally responsible to Bur-Tex for statements *made by Frontline* to INOV8. These assertions by Bur-Tex require this Court to speculate that Frontline told INOV8 something who then supposedly told Bur-Tex something who then told Cintas the same thing. Bur-Tex further wants the Court to blindly accept that Gooden knew these "statements" would be passed on from INOV8 to Bur-Tex and so on. This is nothing but speculation built on the telephone game – which is not plausible for pleading standards under *Twombly* and *Iqbal* or substantive Ohio law.

There are no documents at all between Gooden and Bur-Tex. Neither Gooden nor Frontline were involved with Bur-Tex, nor have Plaintiffs made any such allegations. Gooden's name is not anywhere on this packing slip. Amended Complaint ¶12. Neither is Bur-Tex's. Nor is Bur-Tex's customer, Cintas. Instead, at most, the packing slip shows that *Frontline* shipped goods to *INOV8*. Even assuming arguendo that Frontline misrepresented that there were 100 gloves to a box (or

11

concealed the fact that a box did not hold 100 gloves) (all of which Gooden expressly denies), that alleged representation or concealment was to INOV8 (whose claims are barred), not to Bur-Tex. Further, it would be statements made by Frontline, a company that no longer exists. While this Court can view the Complaint in a light favorable to Bur-Tex, it is not required to accept as true these thin legal conclusions and bare factual inferences. There is nothing linking Gooden to Bur-Tex. *See, e.g. Minaya,* 2017-Ohio-9019, ¶18 (dismissing fraudulent concealment claims of third owner of a home who had no dealings with the home builder who induced the original buyer to purchase the home). Under well-settled Ohio law, Bur-Tex has no claims against Gooden.

Even if we can get past the third-party misrepresentation claims, none of the elements of fraudulent misrepresentation and fraudulent concealment can be met. Gooden owed no duty to Bur-Tex. "As a general rule, if a plaintiff brings an action sounding in tort and bases his claim upon a theory of duty owed by a defendant as a result of contractual relations, he must be a party or privy to the contract in order to prevail." *Vistein v. Keeney,* 71 Ohio App.3d 92, 106, 593 N.E.2d 52 (11th Dist. 1990). Only Frontline and INVOV8 are alleged to have any agreement. Nonetheless, Bur-Tex claims that based upon the packing slip between Frontline and INOV8, Gooden is liable to Bur-Tex.

Significantly, there are no allegations that Gooden owed any duty to Bur-Tex based upon any agreement *between Frontline and INOV8* regarding the box-count of any gloves shipped to INOV8. Bur-Tex's name is nowhere to be found on this packing slip and there is no claim that Bur-Tex is in privity with Frontline. It is another fantastical stretch to say that Bur-Tex was in privity with Gooden or that Gooden owed a duty to Bur-Tex. Ohio law requires that "[t]here must be evidence that the promisee [Gooden] assumed a duty to the third-party [Bur-Tex]." *Trinova Corp. v. Pilkington Bros.*, 70 Ohio St. 3d 271, 278 (1994). Gooden had absolutely no duty to Bur-

12

Tex. Because there exists no such evidence, Bur-Tex cannot satisfy any element of fraudulent concealment either.

Bur-Tex cannot demonstrate the second and third elements. Plaintiffs claim that Gooden knowingly falsely advertised gloves as 100 count "Dongtai" gloves. However, neither the picture of a box nor the packing slip makes any representations that the gloves being shipped to INOV8 were "Dongtai." Amended Complaint ¶¶ 9, 12. Nor can those be considered advertisements. Gooden is not the manufacturer of the gloves or the packager of the gloves. Other than a general allegation of "knowledge," the only thing that Plaintiffs suggest is that Gooden could have inspected the boxes to know that the boxes did not hold 100 count gloves. Amended Complaint ¶10. This is just speculation and not factual. Indeed, INOV8 could have likewise conducted its own inspection of the gloves before it contracted and shipped the gloves to Bur-Tex.

In the INOV8 Lawsuit, Bur-Tex claimed that INOV8 was the one that falsely advertised and labeled boxes of gloves. See INOV8 Lawsuit, Doc. 1. While Bur-Tex states that it relied upon Frontline's statements when it purchased the gloves, this makes little sense. Bur-Tex contracted with INOV8 in November 2020 months *prior* to when Bur-Tex now claims that it relied upon statements supposedly made by Gooden in January 2021. Amended Complaint ¶¶11-12. Further, Plaintiffs clearly state that Bur-Tex had no knowledge of Gooden or Frontline until sometime in October 2022, when Bur-Tex sued INOV8. Amended Complaint ¶18. How could Bur-Tex rely on *future* statements after it contracted with INOV8? And, how could Bur-Tex rely on statements by Gooden or Frontline when it never heard of them until more than two years later in the INOV8 Lawsuit? It cannot. In other words, there is no scenario where Bur-Tex could have justifiably relied upon any false statements made by Gooden when it did not even know about the existence of Gooden or Frontline.

Finally, even assuming the allegations are true (which Gooden expressly denies), Bur-Tex cannot hold Gooden liable for acts of a company. R.C. 1706.26 provides, in relevant part, that "[a] person who is a member of a limited liability company is not liable, *solely by reason of being a member*, for a debt, obligation, or liability of the limited liability company or a series thereof, whether arising in contract, tort, or otherwise; *or for the acts or omissions of any other member, agent, or employee* of the limited liability company or a series thereof." (Emphasis added). Plaintiffs have not sought to pierce the corporate veil (nor could they since Frontline does not exist), even though they speculate they would have had the company existed.

Ohio law is clear that there can be no fraudulent misrepresentation and fraudulent concealment when the representations or the duty to disclose were not made to the plaintiff directly. Moreover, even if Bur-Tex could overcome that hurdle, it cannot meet any element for fraudulent misrepresentation and fraudulent concealment. Any such "statements," if they existed at all, were made well after Bur-Tex contracted with INOV8 to purchase gloves and Bur-Tex admitted that it had no knowledge of the existence of Gooden and Frontline. Therefore, Bur-Tex has failed to state any claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6) and the Amended Complaint must be dismissed with prejudice.

**D.      Plaintiffs have failed to state claims against Gooden with particularity.**

In addition to grounds for dismissal as stated above, Plaintiffs have failed to state claims against Gooden for personal liability for acts of Frontline. As mentioned above, a member of a limited liability company has no personal liability by reason of being a member or manager of the limited liability company." R.C. 1706.26. While INOV8 and Bur-Tex may try to claim that it can pursue fraud against Gooden personally, it has not established any basis to do so.

14

Fed. R. Civ. P. 9(b) requires fraud to be pled with particularity. General and conclusory allegations do not satisfy Rule 9(b). *Craighead v. E.F. Hutton & Co.,* 899 F.2d 485, 489 (6th Cir. 1990). To satisfy the particularity requirement of Rule 9(b), a plaintiff who brings a fraud claim must generally "allege the time, place, and content of the alleged misrepresentations on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud." *United States ex rel. Marlar v. BWXT Y-12 L.L.C.*, 525 F.3d 439, 444 (6th Cir. 2008) (*quoting United States ex rel. Bledsoe v. Cmty. Health Sys., Inc*., 342 F.3d 634, 643 (6th Cir. 2003)).

Plaintiffs contend that Gooden used Frontline to knowingly and falsely advertise "Dongtai" medical gloves sold in "100 count" box. However, Plaintiffs point to no actual advertisement let alone the time, place and content of such advertisement. Indeed, the photo of a box does not mention "Dongtai" nor does the packing slip nor do these documents constitute "advertisements." There is no evidence that Gooden or Frontline made any such "advertisements" or that either Plaintiff relied upon such "advertisements" to purchase gloves. Rather, Plaintiffs speculate that Gooden, who was neither a manufacturer nor packager of the gloves – and for all intents and purposes was a middleman, could have inspected boxes to determine the number of gloves in each box. Amended Complaint ¶10. They also speculate that Gooden, through Frontline, would have received complaints. Both of these claims are conjecture and are not actual facts that could support their claims for fraud or support the claim that Gooden had actual knowledge that the boxes did not contain "100-count." Indeed, when were these inspections and/or complaints to have occurred? And, how do these unsupported allegations and speculations support their fraudulent misrepresentations and concealment claims? Plaintiffs provide no details as required by Fed. R. Civ. P. 9(b). Instead, all they provide is conjecture.

15

**III.     CONCLUSION**

Based upon well-settled law, Plaintiffs have failed to state any plausible claim for relief against Gooden.  Therefore, Defendant Brad Gooden respectfully requests that this Court dismiss the Complaint with prejudice.

Respectfully submitted,

/s/ Maria Mariano Guthrie
Maria Mariano Guthrie (0068049)
*Trial Attorney for Defendant*
Matthew M. Zofchak (0096279)
KEGLER BROWN HILL + RITTER
65 East State Street, Suite 1800
Columbus, Ohio 43215
Tel: (614) 462-5437
Fax: (614) 852-4800
mguthrie@keglerbrown.com
mzofchak@keglerbrown.com
*Attorneys for Defendant Brad Gooden*

**CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that a true and correct copy of the foregoing document was filed through the Court's CM/ECF filing system on this 27th day of May 2025, which shall serve a copy of the document upon all attorneys registered to receive such service.

                                        /s/ Maria Mariano Guthrie
                                        Maria Mariano Guthrie (0068049)
                                        *Trial Attorney for Defendant Brad Gooden*